UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAQUEL GERALDO,<br><br>      Plaintiff<br><br>v.<br><br>ALBERTSON'S LLC,<br><br>      Defendant | Case No.: 2:20-cv-01332-APG-DJA<br><br>**Order Remanding Case for Lack of Subject Matter Jurisdiction** |

Defendant Albertson's LLC removed this action from state court based on diversity jurisdiction. ECF No. 1. Albertson's did not identify the citizenship of its members and did not provide sufficient evidence that the amount in controversy requirement was satisfied. I therefore ordered Albertson's to show cause why this case should not be remanded for lack of subject matter jurisdiction. I advised Albertson's that failure to respond to my order by August 11, 2020 would result in remand to the state court.

Albertson's did not respond to my order to show cause. Even if I considered Albertson's statement regarding removal as its response to the order to show cause, Albertson's has not met its burden of showing removal was proper. Albertson's identifies the citizenship of only its managing member and does not state whether the managing member is its only member. ECF No. 7 at 2-3. It therefore has not shown that complete diversity exits. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens").

Additionally, Albertson's does not show by a preponderance of the evidence that the amount in controversy is satisfied. It states that prior to filing suit, the plaintiff "made

representations" that his claim was worth over $100,000. *Id.* at 4. Albertson's presents no evidence to support this statement and presents no evidence that the plaintiff's "representations" are a reasonable estimate of the plaintiff's damages. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").

I strictly construe the removal and subject matter jurisdiction statutes and resolve any doubts against removability. *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014). Here there is considerable doubt about removability. Because Albertson's has not met its burden of showing that subject matter jurisdiction exists, I remand this case.

I THEREFORE ORDER that this case is remanded to the state court from which it was removed for all further proceedings. The clerk of the court is instructed to close this case.

DATED this 19th day of August, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE